■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered April 21, 1988, convicting him of forgery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain oral statements made by him to the police and to his employer.

Ordered that the judgment is affirmed.

The defendant, a bank teller, stands convicted of forging a customer's name on a withdrawal slip and thereby stealing $7,500. The path to his conviction began when the customer whose name was forged complained to the bank, which alerted its security personnel. The defendant, whose teller identification number appeared on the forged withdrawal slip, was questioned by a bank security officer at the bank branch where he worked and again at bank headquarters before the police were notified of the potential theft. The defendant also voluntarily appeared at bank headquarters several weeks later and was again questioned by a bank security officer, although this time a police lieutenant, whose presence was unknown to the defendant, waited in an adjoining room.

Throughout the investigation, the defendant maintained that a customer presented the slip and that a supervisor approved the withdrawal. At the conclusion of the last interview at bank headquarters, the defendant was introduced to the police lieutenant, who asked him to go to police headquarters. The defendant stated he had an appointment later in the day, but agreed to accompany the lieutenant. The defendant then drove to headquarters, alone, in his own car, walked through the front door of the police station unescorted, met the lieutenant at the front desk, and walked, unaccompanied by any other police personnel, to the latter's office. The lieutenant advised the defendant of his *Miranda* rights, albeit incompletely. In response to a direct question, the lieutenant informed the defendant he was not under arrest. The lieutenant questioned the defendant, who was at no time restrained, for 30 to 45 minutes, and the defendant then left headquarters. A felony complaint was prepared and filed several days later.

The defendant contends on appeal that all of his statements should have been suppressed because none was preceded by adequate and complete *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436). However, the three interviews conducted by bank personnel were devoid of active governmental participation and thus *Miranda* warnings were not required *(see, People v Ray,* 65 NY2d 282, 286). Indeed, two of the interviews took place before the police were advised of any potential crime and the mere presence on bank premises of one police lieutenant while the third interview took place was insufficient State involvement to trigger the duty to administer *Miranda* warnings *(see, People v Ray, supra).*

Moreover, we agree with County Court that the defendant was not in custody when he was questioned by the lieutenant.

The defendant's appearance at police headquarters was voluntary, the questioning was of limited duration, and the defendant in fact left in time to keep an appointment he claimed he had. Although the defendant was already a suspect and although the police lieutenant advised the defendant of some of his rights, the circumstances as a whole demonstrate that a reasonable person, innocent of any crime and in the same situation, would not have thought himself or herself to be in custody (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851; see also, People v Bailey, 140 AD2d 356; People v Oates, 104 AD2d 907). That the Miranda warnings issued here were incomplete is thus immaterial and County Court properly refused to suppress the defendant's statements. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.